PER CURIAM:
Writ granted; conviction and sentence reinstated. The district court erred in considering relator’s claim based on claimed conflict between the trial testimony of Detective Artigue and the Motion for New Trial hearing testimony of Natha Jefferson because the parties fully litigated that claim on appeal and the interests of justice do not require the court to revisit it. La.C.Cr.P. art. 930.4(A); State v. Hilliard, 412 So.2d 106 (La.1982). The district court also erred in finding that the undisclosed information contained in the initial police report rose to a level of materiality warranting reversal under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny. See, e.g., State v. Marshall, 81-3115, p. 16 (La. 9/5/95), 660 So.2d 819 (“Evidence is material [and reversal warranted] only if it is reasonably probable that the result of the proceeding would have been different had the evidence been disclosed to the defense. A reasonable probability is one which is sufficient to undermine confidence in the outcome.”).
CALOGERO, C.J., and JOHNSON, would grant and docket.
LEMMON, J., not on panel.